Evan Selik (SBN 251039)
Christine Zaouk (SBN 251355)
McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, California 90014
(213) 225-6150 / Fax (213) 225-6151
eselik@mccathernlaw.com
czaouk@mccathernlaw.com

Attorneys for Plaintiff,
LAUREN MILLSTEIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN MILLSTEIN, individually and on behalf of other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; NORTH COUNTY CORRECTIONAL FACILITY and DOES 1-100 <br><br> Defendants. | CASE NO. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES, PENALTIES AND INJUNCTIVE RELIEF** <br><br> 1. **FAILURE TO PAY OVERTIME WAGES** <br><br> 2. **FAILURE TO PAY FOR REST BREAKS (29 CFR §785.18)** <br><br> 3. **FAILURE TO PAY FOR NON-DUTY-FREE MEAL BREAKS (29 CFR §785.19)** <br><br> 4. **UNFAIR COMPETITION (Cal. Bus. & Prof Code. §§ 17200 *et seq.*)** <br><br> **DEMAND FOR JURY TRIAL** |

///

1                                                                    **COMPLAINT**

Plaintiff, Lauren Millstein, on behalf of herself, and all others similarly situated, complains and alleges as follows

## INTRODUCTION

1. This is a class action lawsuit pursuant to Fed. R. Civ. P. Rule 23, seeking unpaid wages, unpaid overtime wages, unpaid rest periods and injunctive relief and other equitable relief, reasonable attorneys' fees and costs, brought on behalf of Plaintiff and others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to federal question jurisdiction under 28 U.S.C. §1331. Plaintiff brings this lawsuit pursuant the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*.

3. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over the state law claims asserted herein, as state and federal claims derive from a common nucleus of operative facts.

## PARTIES

4. Plaintiff is, and at all relevant times was, a California resident residing within the Los Angeles County. Within the statute of limitations for the claims made herein, Plaintiff experienced damage as a result of Defendants.

5. Plaintiff appears in this action on behalf of herself and on behalf of all others similarly situated.

**COMPLAINT**

6. Defendant, County of Los Angeles owns and operates North County Correctional Facility ("NCCF"), located in Los Angeles County, California and operates a jail.

7. At all relevant times to this action, Defendants were employers of Plaintiff and the other members of the classes.

8. Plaintiff is informed an believes that DOES 1 through 100 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

9. Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious name, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

10. Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint

**COMPLAINT**

enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiffs are further informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.  As used in this Complaint "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action and DOES 1 through 100.

11.  At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent and knowledge of each of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.  Defendants employed Plaintiff on an hourly basis as a non-exempt employee at Defendants, County of Los Angeles at NCCF in Los Angeles County withing the last two years period preceding the filing of this action.  Defendants no longer employ Plaintiff as her last day of work with Defendants was on May 27, 2019.

13. During her employment with Defendants, Plaintiff worked in excess of 10 hours per day for six days. Plaintiff's shift started at 6:00 a.m. until 2:00 p.m. Yet, Defendants required Plaintiff to start working off the clock at 5:00 a.m., requiring her to retrieve security keys and conduct a security check before she clocked in at 6:00 a.m. Defendants failed to pay Plaintiff overtime for working over eight hours in a day.

14. When Plaintiff took rest breaks Defendants did not count Plaintiff's rest breaks as hours worked. As such, Plaintiff was not compensated for her rest breaks.

15. The members of the Classes are identifiable, similarly situated persons who were hourly-paid non-exempt current and former employees of Defendants.

## CLASS DEFINITION AND CLASS ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated persons as a class action pursuant to Fed. R. Civ. P. Rule 23.

The members of the Classes are defined as follows:

**Unpaid Overtime Wage Class**: All current and former non-exempt hourly paid employees of the County of Los Angeles jail system who worked over 40 hours in a workweek for the County of Los Angeles at any time within the last three (3) years prior to filing this initial Complaint through the date Notice is mailed to the Class who were not being paid their overtime wages.

**Unpaid Rest Period Class**: All persons who, at any time within the last three (3) years prior to the filing of this initial Complaint through date Notice is mailed to the Class, worked as an hourly paid non-exempt employee for the County of Los Angeles jail system and took rest breaks and were not paid for said rest breaks.

**COMPLAINT**

**Bona Fide Meal Period Class**: All persons who, at any time within the last three (3) years prior to the filing of this initial Complaint through date Notice is mailed to the Class, worked as an hourly paid non-exempt employee for the County of Los Angeles jail system who took meal breaks where the County of Los Angeles required them to work during these meal breaks and were not paid.

17.  This action has been brought and may be properly maintained as a class action pursuant to the provisions of Fed. R. Civ. P. Rule 23 and other applicable law.

18.  **Numerosity of the Classes**: Members of the Classes are so numerous that their individual joinder is impracticable. Plaintiff estimate that there are no less than 1,000 persons in the identified classes. The precise number of Class members and their addresses are unknown to Plaintiff. However, Plaintiff is informed and believes and thereon alleges that the number can be obtained from Defendants' employment records. Class members may be notified of the pendency of this action by conventional mail, electronic mail, the Internet, or published notice.

19.  **Existence of Predominance of Common Questions of Fact and Law**: Common questions of law and fact exist as to all members of the Classes. These questions predominate over any questions effecting only individual members of the classes. These common factual and legal questions include:

(a)  Was it the County of Los Angeles jail system's common practice of requiring employees to work off the clock a violation of the overtime wage rights of Class members?

(b)     Whether Plaintiff and those similarly situated were not paid for working more than 40 hours per workweek.

(c)     Whether the County of Los Angeles' conduct was willful.

(d)     Was it the County of Los Angeles' jail system common practice to not pay employees when they took rest breaks;

(e)     Whether County of Los Angeles committed unlawful business practices or acts within the meaning of Cal. Business & Professions Code §§17200 *et seq.*;

(f)     Is the County of Los Angeles jail system liable for attorneys' fees?;

(g)     Whether Defendants raise any affirmative defenses that are universal in application.

20.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the respective Classes because Plaintiff was an employee of Defendants as an houlry paid non-exempt employee in who was required to work off the clock and was not paid overtime wage compensation by Defendants.  She was not paid for the resr periods she took, and suffered the same injuries and seeks the same releif applicable to each class members.  Plaintiff did not receive all earned wages as a result of such practices at the time her employment ended with Defendants.

21. **Adequacy**: Plaintiff will adequately and fairly protect the interests of the members each of the Classes. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation.

22. **Superiority**: A class action is superior to other available means for fair and efficient adjudication of the claims of the Classes and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of each Class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(By Plaintiff and the Unpaid Overtime Wage Class against all Defendants)**

23. Plaintiff incorporates paragraphs 1 through 22 of this complaint as though fully alleged herein.

24. At all revelant times, Plaintiff and the other members of the Unpaid Overtime Class were non-exempt hourly employees of Defendants covered by the FLSA. 29 U.S.C. §203(e)(1).

25. Pursuant to the FLSA, Plaintiff and the other members of the Unpaid Overtime Wage Class were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of forty (40) hours in one workweek. 29 U.S.C. §207.

26. Defendants failed to pay Plaintiff and other members of the Unpaid Overtime Wage Class for overtime work in violation of the FLSA. Plaintiff is informed and believes and based thereon alleges that Defendants' practice of having its employees work off the clock resulted in employees working overtime and not being paid for it. This resulted in Defendants failing to pay all the overtime wages owed to Plaintiff and Unpaid Overtime Wage Class members.

27. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Unpaid Overtime Wage Class have suffered damages in an amount, subject to proof, to the extent they were not paid all overtime wages earned.

28. Defendants knew Plaintiff and other members of the Unpaid Overtime Wage Class worked overtime without proper compensation because Defendants were aware, or should have been aware, that Plaintiff and those others similarly situated were required to work off the clock to perform security checks. Defendants willfully

**COMPLAINT**

failed and refused to pay Plaintiff and the Unpaid Overtime Wage Class overtime wages at the required overtime rate.

29. Plaintiff and other members of the Unpaid Overtime Wage Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, reasonable attorneys' fees and costs of suit.

30. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained and continues to maintain a policy or practice of requiring members of the Unpaid Overtime Wage Class to perform various duties exceeding a 40 hour workweek without compensation. As a result of Defendants' unlawful conduct, Plaintiff and members of the Unpaid Overtime Wage Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all overtime wages earned during each pay period.

### SECOND CAUSE OF ACTION
### FAILURE TO PAY FOR REST PERIODS
**(By Plaintiff and the Unpaid Rest Period Class against all Defendants)**

31. Plaintiff incorporates paragraphs 1 through 30 of this complaint as though fully alleged herein.

32. When Plaintiff and those similarly situated were able to take a rest breaks, they were not paid for such rest breaks as is required pursuant to 29 U.S.C. 785.18.

**COMPLAINT**

33. Defendants failed to pay Plaintiff and other members of the Unpaid Rest Period Class for the rest periods they actually took.

34. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Unpaid Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages earned.

35. Defendants knew Plaintiff and other members of the Unpaid Rest Period Class were not paid for their rest periods. Defendants willfully failed and refused to pay Plaintiff and the Unpaid Rest Periods Class for their rest periods.

36. Plaintiff and other members of the Unpaid Rest Period Class are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorneys' fees and costs of suit.

37. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained and continues to maintain a policy or practice of requiring members of the Unpaid Rest Period Class to not pay its employees who take rest breaks. As a result of Defendants' unlawful conduct, Plaintiff and members of the Unpaid Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned during each pay period.

///

///

### THIRD CAUSE OF ACTION
### FAILURE TO PAY FOR REST PERIODS
**(By Plaintiff and the Bona Fide Meal Period Class against all Defendants)**

38. Plaintiff incorporates paragraphs 1 through 37 of this complaint as though fully alleged herein.

39. Defendants did not allow Plaintiff and members of the Bona Fide Meal Period Class to have a duty-free meal period. Plaintiff and members of the Bona Fide Meal Period Class were required to continue to work during these meal periods in violation of 29 U.S.C. 785.19.

40. Defendants failed to pay Plaintiff and other members of the Bona Fide Meal Period Class the time worked during their purported meal period.

41. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Bona Fide Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages earned.

42. Defendants knew Plaintiff and other members of the Bona Fide Meal Period Class were not paid for their time working during their purported meal periods. Defendants willfully failed and refused to pay Plaintiff and the Bona Fide Meal Period Class these wages.

43. Plaintiff and other members of the Bona Fide Meal Period Class are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorneys' fees and costs of suit.

44. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained and continues to maintain a policy or practice of requiring members of the Bona Fide Meal Period Class to not pay its employees who are required work over their purported meal period. As a result of Defendants' unlawful conduct, Plaintiff and members of the Bona Fide Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned during each pay period.

**FOURTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(By Plaintiff and All Classes against all Defendants)**

45. Plaintiff incorporates paragraphs 1 through 44 of this complaint as though fully alleged herein.

46. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Cal. Business & Professions Code §§17200 *et seq*. Due to the allegedly unlawful and unfair business practices in violation of the FLSA, Defendants have gained a competitive advantage over other comparable private confinement businesses doing business in the State of California that comply with their obligations to compensate employees for all earned wages as required by law.

47. As a result of Defendants' unfair competition as alleged herein, Plaintiff and other members of each Class have suffered injury in fact and lost money or property. Plaintiff and members of each Class have been deprived of their rights to

overtime wages for all overtime hours worked and timely payment of all monies earned each pay period.

48. Pursuant to Cal. Business & Professions Code §17203, Plaintiff and other members of each Class are entitled to restitution of all wages and other monies owed and belonging to them, including interest thereon, that Defendants wrongfully withheld from them and retained for itself by means of its unlawful and unfair business practices.

49. Pursuant to Cal. Business & Professions Code §17203, Plaintiff and other members of each Class are entitled to an injunction to prevent the continuation of Defendants' unlawful and unfair business practices that constitute unfair competition. Injunctive relief is warranted because Defendants continue to engage in unlawful and unfair business practices with respect to currently employed members of each Class, and such members of the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available to prevent Defendants from continuing to engage in the unlawful and unfair business practices described herein.

50. Plaintiff and members of the each Class are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Cal. Code of Civil Procedure §1021.5, the substantial benefit doctrine and/or the common fund doctrine.

14

COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, pray for relief and judgment against Defendants as follows:

1. That this action be certified as a class action pursuant to Fed. R. Civ. P. Rule 23;

2. An order finding that Plaintiff and the putative class members are similarly situated;

3. An order certifying this case as a class action pursuant to Fed. R. Civ. P. Rule 23;

4. An order for authorization for prompt issuance of a notice to all those similarly situated, apprising them of the pendency of this action and giving them the opportunity to assert timely FLSA claims by filing individual consent forms;

5. An order finding that Defendants willfully did not pay overtime wages earned to Plaintiff and those similarly situated;

6. An order finding that Defendants willfully did not pay waged earned to Plaintiff and those similarly situated;

7. An order enjoining Defendants from the conduct alleged herein above;

8. An order awarding prejudgment and post-judgment interest at the maximum legal rate;

9. An order awarding attorneys' fees according to proof;

10. An order awarding costs of suit herein; and

11. All such other and further relief as the Court deems just.

Date: March 25, 2021                    Respectfully Submitted,

                                        McCATHERN LLP

                                By:     *Evan Selik*
                                        _____
                                        Evan Selik
                                        Christine Zaouk
                                        Attorneys for Plaintiff,
                                        LAUREN MILLSTEIN

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

Date: March 25, 2021

Respectfully Submitted,

McCATHERN LLP

By: _/s/ Evan Selik_
Evan Selik
Christine Zaouk
Attorneys for Plaintiff,
LAUREN MILLSTEIN

COMPLAINT