1  Geoffrey S. Sheldon, Bar No. 185560
   gsheldon@lcwlegal.com
2  Elizabeth T. Arce, Bar No. 216687
   earce@lcwlegal.com
3  Jolina Abrena, Bar No. 198683
   jabrena@lcwlegal.com
4  Jacqueline C. Lee, Bar No. 339825
   jlee@lcwlegal.com
5  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
6  6033 West Century Boulevard, 5th Floor
   Los Angeles, California 90045
7  Telephone:  310.981.2000
   Facsimile:   310.337.0837
8
   Attorneys for Defendant COUNTY OF LOS ANGELES
9

10 Evan Selik, Bar No. 251039
   esekik@mccathernlaw.com
11 Christine Zaouk, Bar No. 251355
   czaouk@mccathernlaw.com
12 McCATHERN LLP
   233 Wilshire Blvd., Suite 720
13 Santa Monica, CA 90401
   Telephone:  213.225.6150
14 Facsimile:  213.225.6151

15 Attorneys for Plaintiff LAUREN MILLSTEIN

16            UNITED STATES DISTRICT COURT

17          CENTRAL DISTRICT OF CALIFORNIA

18 LAUREN MILLSTEIN,                    Case No.:  2:21-cv-02623-MEMF-GJS
   individually and on behalf of other
19 persons similarly situated,          Complaint Filed: March 25, 2021
                                        FAC Filed: August 9, 2021
20            Plaintiff,
                                        **NOTICE OF JOINT MOTION FOR**
21      v.                              **APPROVAL OF CONDITIONAL**
                                        **SETTLEMENT AGREEMENT;**
22 COUNTY OF LOS ANGELES;               **MEMORANDUM OF POINTS AND**
   NORTH COUNTY                         **AUTHORITIES IN SUPPORT**
23 CORRECTIONAL FACILITY and
   DOES 1-100,                          Date:         January 9, 2025
24                                      Time:         10:00 a.m.
            Defendant.                  Courtroom: 8b
25

26

27       **PLEASE TAKE NOTICE** that on January 9, 2025 at 10:00 a.m., or as soon

28 thereafter as this matter may be heard, in Courtroom 8b of the above-entitled Court,

*Vertical left margin text:* LIEBERT CASSIDY WHITMORE / A Professional Law Corporation / 6033 West Century Boulevard, 5th Floor / Los Angeles, California 90045

1

located at 350 West First Street, Los Angeles, CA 90012, Plaintiffs Lauren Millstein, Wilson Aguilera, Ernest Amoh, Karrie Creason, Scotty Deaton, Nicholas Emanuel, Andrew Felts, Caleb Hart, Chad Landers, Sarah Lopez, Cynthia Martinez, Natalia Meraz, Patrice Muinos, Sonia Perez, Nadia Tenorio De Ramos, Saira Valles, Dayna Vargas ("Plaintiffs") and Defendant County of Los Angeles ("County"), will, and hereby do, move this Court for an order granting approval of the Parties' conditional Settlement Agreement.

This motion is Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Jolina Abrena, with attached exhibits, filed concurrently with the motion, all other records, pleadings, and papers on file in this Action, and on such other evidence or argument as may be presented to the Court at the hearing of this motion.

Dated: December 2, 2024                    LIEBERT CASSIDY WHITMORE


                                           By:   */s/ Jolina Abrena*
                                                 Geoffrey S. Sheldon
                                                 Elizabeth T. Arce
                                                 Jolina Abrena
                                                 Jacqueline C. Lee
                                                 Attorneys for Defendant
                                                 COUNTY OF LOS ANGELES


Dated: December 2, 2024                    MCCATHERN LLP


                                           By:   */s/ Evan Selik*
                                                 Evan Selik
                                                 Christine Zaouk
                                                 Attorneys for Plaintiff
                                                 LAUREN MILLSTEIN, *ET AL.*

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12625643.9 LO140-586

1

## **SIGNATURE ATTESTATION**

2      Pursuant to Local Rule 5-4.3.4, I hereby attest that I have obtained the

3   authorization from the signatories to this e-filed document and have been

4   authorized to indicate their consent by a conformed signature (*/s/*) within this e-

5   filed document.

6                                              */s/ Jolina Abrena*

7                                              Jolina Abrena

8

9

10

11

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12625643.9 LO140-586

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................... 8

II.   STATEMENT OF RELEVANT FACTS ..................................... 8

    A.    BACKGROUND ............................................................. 8

    B.    THE PARTIES' SETTLEMENT EFFORTS ..................... 10

    C.    RELEVANT TERMS OF THE CONDITIONAL SETTLEMENT AGREEMENT ......................................... 10

III.  LEGAL STANDARD FOR SETTLEMENT OF FLSA CLAIMS .................................................................................. 11

IV.   THE SETTLEMENT SHOULD BE APPROVED BECAUSE IT IS A FAIR AND REASONABLE COMPROMISE OF DISPUTED CLAIMS .............................................................. 13

    A.    BONA FIDE DISPUTE OF CLAIMS ............................. 13

    B.    THE PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF PLAINTIFFS' CLAIMS .......................................................................... 15

        1.    Plaintiffs' Range of Potential Recovery ..................... 16

        2.    The Stage of the Proceedings and the Amount of Discovery Conducted ................................................. 19

        3.    The Seriousness of the Litigation Risks Faced by the Parties ................................................................. 20

        4.    The Scope of Any Release Provision in the Settlement Agreement .............................................. 21

        5.    The Experience and Views of Counsel ...................... 22

        6.    The Possibility of Fraud or Collusion ....................... 22

    C.    ATTORNEYS' FEES AND COSTS ................................ 23

V.    CONCLUSION ...................................................................... 27

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ambrosino v. Home Depot. U.S.A., Inc.,*
No. 11cv1319 L (MDD), 2014 WL 1671489 (S.D. Cal. Apr. 28, 2014)...................................................................................................................12

*Anspach v. 68-444 Perez, Inc.,*
EDCV 19-2184 JGB (SPx), 2022 WL 2162820, at *4 (C.D. Cal. Apr. 21, 2022)..............................................................................................passim

*Bellinghausen v. Tractor Supply Co.,*
306 F.R.D. 245 (N.D. Cal. 2015) ...............................................................20

*Camacho v. Bridgeport Fin., Inc.,*
523 F.3d 973 (9th Cir. 2008) ......................................................................25

*Carson v. Billings Police Dept.,*
470 F.3d 889 (9th Cir. 2006) ......................................................................25

*City of Redondo Beach FLSA Litigation,*
No. 217CV09097ODWSKX) 2021 WL 5493978, at *4 (C.D. Cal. Nov. 23, 2021)...........................................................................................25

*Cnty. of Santa Clara v. Astra U.S., Inc.,*
428 F.Supp.2d 1029 (N.D. Cal. 2006) ......................................................19

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.,*
No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)........................................................................................................11

*Englert v. City of Merced,*
No. 118CV01239NONESAB) 2020 WL 2215749, at *10 (E.D. Cal. May 7, 2020)......................................................................................................23

*Espinosa v. California College of San Diego, Inc.,*
2018 WL 1705955, at *10 (S.D. Cal. April 9, 2018) ..............................25

*Gonzalez v. City of Maywood,*
729 F.3d 1196 (9th Cir. 2013) ....................................................................25

*Goodwin v. Winn Mgmt. Grp. LLC,*
No. 1:15-cv-00606-DAD-EPG, 2018 WL 1036406, at *7 (E.D. Cal. Feb. 23, 2018)..........................................................................................24

*Hightower v. JPMorgan Chase Bank,*
N.A. 2015 WL 9664959 (C.D. Cal. Aug. 4, 2015)..................................24

*In re Bluetooth Headset Products Liability Litigation,*
654 F.3d 935 (9th Cir. 2011) ......................................................................24

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

5

*Khanna v. Inter-Con Sec. Sys., Inc.*,
   No. 2:09-CV-2214 KJM EFB, 2014 WL 1379861, at *6 (E.D. Cal.
   Apr. 8, 2014)................................................................................................12

*Khanna v. Inter-Con Sec. Sys., Inc.*,
   No. CIV S-09-2214 KJM, 2013 WL 1193485, at *2 (E.D. Cal. Mar.
   22, 2013).....................................................................................................12

*Larsen v. Trader Joe's Co.*,
   2014 WL 3404531, *5 (N.D. Cal. Jul. 11, 2014)......................................22

*Linney v. Cellular Alaska P'ship*,
   151 F.3d 1234 (9th Cir. 1998).....................................................................19

*Local 246 Util. Workers Union of Am. v. S. California Edison Co.*,
   83 F.3d 292 (9th Cir. 1996).........................................................................14

*Lynn's Food Stores, Inc. v. United States*,
   679 F.2d 1350 (11th Cir. 1982)............................................................11, 13

*McKeen-Chaplin v. Franklin Am. Mortg. Co.*,
   No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19,
   2012)............................................................................................................13

*Moreno v. Regions Bank*,
   729 F.Supp.2d 1346 (M.D. Fla. 2010) .......................................................21

*Nen Thio v. Genji, LLC*,
   14 F.Supp.3d 1324 (N.D. Cal. 2014)...........................................................13

*Ontiveros v. Zamora*,
   303 F.R.D. 356 (E.D. Cal. 2014) ................................................................19

*Pacific Merchant Shipping Ass'n v. Aubry*,
   918 F.2d 1409 (9th Cir.1990).......................................................................19

*Quiroz v. City of Ceres*,
   No. 117CV00444DADBAM, 2019 WL 1005071, at *5 (E.D. Cal.
   Mar. 1, 2019)..........................................................................................22, 23

*Rodriguez v. Nationwide Mutual Insurance Company*,
   No. 8:16-cv-02217-JLS-DFM, 2017 WL 7803796, at *1 (C.D. Cal.
   Nov. 16, 2017).............................................................................................11

*Selk v. Pioneers Memorial Healthcare District*,
   159 F.Supp.3d 1164 (S.D. Cal. 2016) ...............................................passim

*Singer v. Becton Dickinson and Co.*,
   2010 WL 2196104, at *8 (C.D. Cal. April 24, 2014) .................................24

*Slezak v. City of Palo Alto*,
   No. 16-cv-03224-LHK, 2017 WL 2688224, at *3 (N.D. Cal. June
   22, 2017)........................................................................................16, 21, 24

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

6

*Tomlinson v. Indymac Bank*,
  359 F.Supp.2d 898 (C.D. Cal. 2005)...................................................................19

*Valentine v. Sacramento Metropolitan Fire District*,
  No. 217CV00827KJMEFB, 2019 WL 651654, at *6 (E.D. Cal.
  Feb. 15, 2019).............................................................................................23

*Vasquez v. Coast Valley Roofing, Inc.*,
  266 F.R.D. 482 (E.D. Cal. 2010)...................................................................24

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002)................................................................24, 25

**State Cases**

*Best v. California Apprenticeship Council*
  (1987) 193 Cal.App.3d 1448.........................................................................26

*Cates v. Chiang*
  (2013) 213 Cal.App.4th 791..........................................................................26

*PLCM Group, Inc. v. Drexler*
  (2000) 22 Cal.4th 1084..................................................................................25

*Tuchscher Development Enterprises v. San Diego Unified Port District*,
  106 Cal.App. 4th 1219 (2003).......................................................................19

*Weber v. Langholtz*
  (1995) 39 Cal.App.4th 1578..........................................................................26

**Federal Statutes**

29 U.S.C. § 207(k)...............................................................................15, 18

29 U.S.C. § 216(b).....................................................................14, 15, 23

29 U.S.C. § 255...........................................................................................15

29 U.S.C. § 256...........................................................................................15

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

Notice of Joint Motion for Approval of Conditional Settlement Agreement

12625643.9 LO140-586

## JOINT MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiffs Lauren Millstein, Wilson Aguilera, Ernest Amoh, Karrie Creason, Scotty Deaton, Nicholas Emanuel, Andrew Felts, Caleb Hart, Chad Landers, Sarah Lopez, Cynthia Martinez, Natalia Meraz, Patrice Muinos, Sonia Perez, Nadia Tenorio De Ramos, Saira Valles, Dayna Vargas ("Plaintiffs") and Defendant County of Los Angeles (the "County")(collectively the "Parties") respectfully move this Court to approve their negotiated conditional Settlement Agreement and Release ("Settlement Agreement") and set an Order to Show Cause re Dismissal or a Status Conference re Settlement on or after February 27, 2025 for the matter *Lauren Millstein et al. v. County of Los Angeles* (Case No.: 2:21-cv-02623-MEMF-GJS). Settlements with the County are conditional upon approval from the County's Claims Board and Board of Supervisors. The approval process is currently underway and the County anticipates a decision will be made by February 2025. In the interest of time and efficiency, the Parties' submit this Motion so that the Court and the County's approval processes can run concurrently.

As discussed more fully below, the Parties' conditional Settlement Agreement resolves a bona fide dispute between the Parties, provides for fair and reasonable compensation to each Plaintiff based on the allegations set forth in the operative complaint and information discovered during the litigation, and is fair and reasonable in terms of the attorneys' fees and costs sought by Plaintiffs' counsel in connection with pursuing this litigation. The Settlement Agreement, which is signed by all Plaintiffs and Defendant, is submitted to this Court as **Exhibit 1** to the Declaration of Jolina Abrena ("Abrena Decl.", ⁋ 4.)

### II.     STATEMENT OF RELEVANT FACTS

#### A.     BACKGROUND

Plaintiffs are or were former custody assistants who work or worked for the County's North County Correctional Facility ("NCCF").

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

12625643.9 LO140-586

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

On February 19, 2020, named Plaintiff Lauren Millstein ("Millstein") filed a Class Action Complaint for Damages against the County in Los Angeles County Superior Court, LASC Court No. 20STCV06275 ("State Court Complaint"), alleging wage and hour claims under State law. The State Court Complaint was dismissed on April 6, 2021. On March 25, 2021, Millstein filed *Lauren Millstein v. County of Los Angeles, et al.* ("*Millstein* Action") on behalf of herself and other similarly situated employees against Defendant in the United States District Court for the Central District of California, Case No. 2:21-cv-02623-MEMF-GJS, alleging that the County (1) failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), (2) failed to pay for rest breaks in violation of 29 C.F.R. § 785.18, (3) failed to pay for non-duty-free meal breaks in violation of 29 C.F.R. § 785.19, and (4) unfair competition in violation of California Business and Professions Code § 17200 *et seq*. (Dkt. No. 1.)

On August 9, 2021, Millstein filed a First Amended Class Action Complaint ("FAC") against the County which alleged a single claim for failure to pay straight time and overtime wages under the FLSA. (Dkt. No. 24.)

On December 12, 2022, Millstein filed a motion for FLSA preliminary certification, (Dkt. No. 47), and filed a renewed motion for FLSA preliminary certification on October 2, 2023 (Dkt. No. 58). On July 3, 2023, the Court partially granted Millstein's renewed motion for FLSA preliminary certification as to the claims for pre-shift and post-shift work, including, but not limited to, conducting security checks, pass on of information and preparing reports. (Dkt. No. 65.) The Court ordered equitable tolling as to the time period that the motion for conditional certification was pending, i.e., from December 12, 2022 (filing of the initial motion) to August 23, 2023, the date that a third-party administrator mailed notices of the pending FLSA lawsuit to potential opt-in Plaintiffs. Sixteen individuals filed Consents to Join this action. (Dkt. Nos. 74-75.)

9

## B.    THE PARTIES' SETTLEMENT EFFORTS

On April 18, 2024, the Parties attended a mediation conference before Mediator Edwin Woodsome as required by L.R. 16-15.5(b) but a settlement was not reached. (Dkt. No. 92; Abrena Decl., ¶ 3.) On May 5, 2024, Plaintiffs' counsel provided the County's counsel with a settlement demand. *Id*. The County's counsel provided their counteroffer on May 8, 2024, which included the condition that settlement offers would require approval from the County's Claim Board and the Board of Supervisors. *Id*. On May 13, 2024, the Parties agreed to fully resolve all claims in the *Millstein* Action for a certain settlement amount inclusive of Plaintiffs' attorneys' fees and costs, and subject to the condition that the Settlement Agreement must be reviewed and approved through the County's formal claims approval process and by the County's Boards of Supervisors. *Id*.

## C.    RELEVANT TERMS OF THE CONDITIONAL SETTLEMENT AGREEMENT

The Parties memorialized the agreed upon terms in a long-form Settlement Agreement. As a result of the efforts summarized above, the Parties agreed to settle this matter for a total settlement amount of $185,000.00, subject to review and approval through the County's formal claims approval process and by the County's Board of Supervisors. This total settlement amount includes all amounts to be paid by the County to Plaintiffs for unpaid overtime, liquidated damages, interest, attorneys' fees, and costs to resolve this *Millstein* Action. (Abrena Decl., ¶ 4.) Key details of the settlement terms are as follows:

1.    The County agrees to pay Plaintiffs a total amount of $120,250.00. This total payment represents unpaid overtime, plus liquidated damages, which will be paid to each of the Plaintiffs in accordance with Exhibit A to the Parties' Settlement Agreement. Plaintiffs' counsel calculated the amount of damages and the amount of liquidated damages to be paid to each of the Plaintiffs as set forth in

10

Exhibit A to the Settlement Agreement.

2.    Plaintiffs agree to release all overtime claims against Defendant under any legal theory relating to or arising from this *Millstein* Action under the FLSA.

3.    The County will also pay $63,750.00 for Plaintiffs' reasonable attorneys' fees and costs.

4.    The Settlement Agreement is contingent upon the approval of its terms and conditions by the County's formal claims approval process, which occurs after the execution of the Agreement by all Plaintiffs and takes several or more months to complete. The County agrees to use its best efforts to expedite the process.

(See Exhibit 1 to Abrena Decl.)

Prior to executing the above-referenced release, each individual Plaintiff had a full and fair opportunity to consult with Plaintiffs' counsel. (Selik Decl., ¶ 2.) Every individual Plaintiff voluntarily agreed to accept the terms of the Settlement Agreement and execute the "Settlement Agreement and General Release". *Id.*

## III.    LEGAL STANDARD FOR SETTLEMENT OF FLSA CLAIMS

Settlement of collective action claims under the FLSA requires court approval. *Selk v. Pioneers Memorial Healthcare District*, 159 F.Supp.3d 1164, 1172 (S.D. Cal. 2016). The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved. *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Rodriguez v. Nationwide Mutual Insurance Company*, No. 8:16-cv-02217-JLS-DFM, 2017 WL 7803796, at *1 (C.D. Cal. Nov. 16, 2017). However, in this circuit, district courts have normally applied a widely-used standard adopted by the Eleventh Circuit, looking to whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.*; see also *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982); *Selk*, 159

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

11

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    F.Supp.3d at 1172.

2    "A bona fide dispute exists when there are legitimate questions about the

3    existence and extent of Defendant's FLSA liability." *Selk*, 159 F.Supp.3d at 1172,

4    citing *Ambrosino v. Home Depot. U.S.A., Inc.*, No. 11cv1319 L (MDD), 2014 WL

5    1671489 (S.D. Cal. Apr. 28, 2014). A court will not approve a settlement of an

6    action in which there is certainty that the FLSA entitles plaintiffs to the

7    compensation they seek, because it would shield employers from the full cost of

8    complying with the statute. *Selk*, 159 F.Supp.3d at 1172.

9    Once it is established that there is a bona fide dispute, courts often apply the

10   Rule 23 factors for assessing proposed class action settlements when evaluating the

11   fairness of an FLSA settlement, while recognizing that some of those factors do not

12   apply because of the inherent differences between class actions and FLSA collective

13   actions. *Khanna v. Inter-Con Sec. Sys., Inc.*, No. CIV S-09-2214 KJM, 2013 WL

14   1193485, at *2 (E.D. Cal. Mar. 22, 2013). To determine whether the proposed FLSA

15   settlement is fair, adequate, and reasonable, courts in this circuit have balanced

16   factors such as:

17          "the strength of the plaintiffs' case; the risk, expense,
            complexity, and likely duration of further litigation; the
18          risk of maintaining class action status throughout the trial;
            the amount offered in settlement; the extent of discovery
19          completed and the stage of the proceedings; the
            experience and views of counsel; the presence of a
20          governmental participant; and the reaction of the class
            members to the proposed settlement.
21

22   *Khanna v. Inter-Con Sec. Sys., Inc.*, No. 2:09-CV-2214 KJM EFB, 2014 WL

23   1379861, at *6 (E.D. Cal. Apr. 8, 2014), order corrected, No. 2:09-CV-2214 KJM

24   EFB, 2015 WL 925707 (E.D. Cal. Mar. 3, 2015).

25   With this approach, a "district court must ultimately be satisfied that the

26   settlement's overall effect is to vindicate, rather than frustrate, the purposes of the

27   FLSA." *Id.* Settlements that reflect a fair and reasonable compromise of issues that

28   are actually in dispute may be approved to promote the efficiency of encouraging

12

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1   settlement of litigation. *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. C 10-
2   5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012).

3   **IV.    THE SETTLEMENT SHOULD BE APPROVED BECAUSE IT IS A**
4   **FAIR AND REASONABLE COMPROMISE OF DISPUTED CLAIMS**

5         In order to approve the settlement in the instant case, the Court must find that
6   (1) the case involves a bona fide dispute, (2) the proposed settlement agreement is
7   fair and reasonable, and (3) the award of attorneys' fees and costs are reasonable.

8   **A.    BONA FIDE DISPUTE OF CLAIMS**

9         The Court should approve the proposed Settlement Agreement because it
10  resolves several bona fide disputes between the parties regarding legitimate
11  questions over whether the County has any FLSA liability and the extent of the
12  County's FLSA liability. "If a settlement in an employee FLSA suit does reflect a
13  reasonable compromise over issues, such as FLSA coverage or computation of back
14  wages, that are actually in dispute[,] . . . the district court [may] approve the
15  settlement in order to promote the policy of encouraging settlement of litigation."
16  *Nen Thio v. Genji, LLC*, 14 F.Supp.3d 1324, 1333 (N.D. Cal. 2014); *Lynn's Food*
17  *Stores*, 679 F.2d at 1353 n.8 (requiring "settlement of a bona fide dispute between
18  the Parties with respect to coverage or amount due under the [FLSA]"). The
19  purpose of this analysis is to ensure that an employee does not waive claims for
20  wages, overtime compensation, or liquidated damages when no actual dispute exists
21  between the Parties. *Id*.

22        Here, Plaintiffs contend that the County did not pay them for all their
23  overtime hours owed under the FLSA (Selik Decl., ⁋ 3.) Plaintiffs contend that the
24  County knew or should have known Plaintiffs were not paid overtime hours worked
25  for time spent conducting security checks and pass overs off the clock. *Id*. Plaintiffs
26  also contend that the County had a practice of having its employees work off the
27  clock and knew that Plaintiffs were working overtime without proper compensation
28  because the County was aware, or should have been aware, that Plaintiffs were

required to conduct security checks and pass overs off the clock. (*Id.*)

The County denies these claims and contends that Plaintiffs were not required to work off the clock without overtime compensation. (Abrena Decl., ⁋ 5.) In addition, the County contends that Plaintiffs were expected to comply with the County's overtime policy where overtime must be preapproved except for emergency assignments and overtime must be accurately reported by employees on time sheets. *Id.* The County denies that it had either actual or constructive knowledge that Plaintiffs were conducting security checks off the clock and not reporting the time spent performing this activity on their timesheets. *Id.*

The County also contends that there was no "willful" violation of the FLSA and, therefore the statute of limitations should be two instead of three years. *Id.* Plaintiffs do not agree. (Selik Decl., ⁋ 4.) The Parties dispute whether Plaintiffs are entitled to liquidated damages. (Abrena Decl., ⁋ 6; Selik Decl., ⁋ 4.) 29 U.S.C. § 216(b) provides that "an employer who violates the Act shall be liable for unpaid overtime compensation plus an additional equal amount as liquidated damages." *Local 246 Util. Workers Union of Am. v. S. California Edison Co.,* 83 F.3d 292, 297 (9th Cir. 1996). However, liquidated damages may be denied if the employer can establish "subjective and objective good faith in its violation of the FLSA." *Id.* Here, Plaintiffs contend that the County were aware and willfully failed and refused to pay Plaintiffs for overtime wages at the required rate. (Selik Decl., ⁋ 4.) The County contends it had reasonable grounds for believing its conduct complied with the FLSA because Defendant enacted, issued, and stressed mandatory overtime reporting policies to ensure its employees were paid. (Abrena Decl., ⁋ 6.) Plaintiffs also acknowledged that they received and understood the overtime policies. *Id.* Defendant utilizes an overtime hours worked report form that relied on Plaintiffs self-reporting overtime hours worked. *Id.* Moreover, by signing time sheets, Plaintiffs were certifying that all "hours worked" were accurate. *Id.* The County also informed Custody Assistants that they could not deviate from listed shift hours

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

14

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

without permission from the shift Watch Commander and emphasized that personnel who perform job duties outside of work hours are to be paid overtime. *Id*. Therefore, the County disputes liability for liquidated damages and that it willfully violated the FLSA. However, Plaintiffs' contend that they were compelled to work off the clock overtime because it was an unwritten rule and if they did not comply their jobs would be in jeopardy (Selik Decl., ¶ 4.) If liquidated damages and Plaintiffs' willfulness arguments were denied, Plaintiffs' range of recover would be reduced by 50% and one year. See 29 U.S.C. § 216(b) – awarding liquidated damages in an equal amount to back pay recovered.

Furthermore, the County contends that the statute of limitations precludes several Plaintiffs from any recovery. (Abrena Decl., ¶ 7.) Under the FLSA, the statute of limitations will run two or three years back, depending on whether the alleged violation is willful. 29 U.S.C. § 255. Based on the timing of their consents to join and information discovered through written discovery and/or depositions, the County contends six of the seven Plaintiffs cannot recover any damages as all their claims are time barred. *Id*. The County also contends that Plaintiff Lauren Millstein's FLSA claim is also time barred because she never filed her consent to join as required under 29 U.S.C. § 256. *Id*.

Lastly, the Parties dispute whether the County is entitled to apply the exemption outlined in 29 U.S.C. § 207(k) ("7(k) exemption") for any of the overtime claimed in this Action. (Abrena Decl., ¶ 8; Selik Decl., ¶ 5.)

Based on the foregoing, the Parties submit that the conditional Settlement Agreement resolved several bona fide disputes between the Parties that all necessarily affected the existence and extent of the County's liability.

## B.      THE PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF PLAINTIFFS' CLAIMS

To determine whether a FLSA settlement is fair and reasonable, courts evaluate the "totality of the circumstances" within the context of the purposes of the

15

FLSA. *Selk,* 159 F.Supp.3d at 1173; *Slezak v. City of Palo Alto,* No. 16-cv-03224-LHK, 2017 WL 2688224, at *3 (N.D. Cal. June 22, 2017); *Anspach v. 68-444 Perez, Inc.,* EDCV 19-2184 JGB (SPx), 2022 WL 2162820, at *4 (C.D. Cal. Apr. 21, 2022). Courts in the Ninth Circuit have considered the following factors when determining whether a settlement is fair and reasonable under the FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. See *Selk,* 159 F.Supp.3d at 1173; *Slezak,* 2017 WL 2688224, at *3.

### 1. <u>Plaintiffs' Range of Potential Recovery</u>

Courts in this circuit evaluate a plaintiff's range of potential recovery "to ensure that the settlement amount agreed to bears some reasonable relationship to the true settlement value of the claims." *Selk,* 159 F.Supp.3d at 1173; *Anspach,* 2022 WL 2162820, at *4. Under the FLSA, the maximum amount a plaintiff can recover is twice the amount of underpaid wages for the three-year period prior to filing or opting into the lawsuit (*i.e.,* an award of liquidated damages coupled with a finding the violation was willful).

Under the terms of the conditional Settlement Agreement, the County will pay Plaintiffs through third-party administrator Simpluris ("Administrator") a total payment amount of $120,250.00, exclusive of attorneys' fees and costs, which approximates a likely recovery at trial. (Abrena Decl., ¶ 9; Selik Decl., ¶ 6.) The statute of limitation was the largest hurdle in determining the Plaintiffs' damages. (Selik Decl. ¶ 6.) As such, to determine Plaintiffs' damages, Plaintiffs' counsel determined the statute of limitations for each Plaintiff if the Court were to find that the County willfully violated the overtime laws or not. *Id.* In doing that, Plaintiff's counsel determined that Plaintiff, Wilson Aguilera and Sarah Lopez's claims were

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

16

barred by the statute of limitations. All other Plaintiff's had at least six months of overtime worked that was off the clock where they were not compensated. Based on the substantially equal amount of overtime worked off the clock by these Plaintiffs, the equal distribution of the settlement is fair and reasonable. *Id*.

For the total payment amount, the County will issue payment to the Administrator that represents unpaid overtime to each Plaintiff. *Id*. The Administrator will establish a settlement fund that meets the requirements of a Qualified Settlement Fund ("QSF") under the U.S. Treasury Regulation § 468B-1. (Abrena Decl., ¶ 9.) The County will fund the settlement fund with $120,250.00. *Id*. The Administrator will issue to each Plaintiff a check for overtime damages, the amount of which is determined by the amounts stated in Exhibit A of the Settlement Agreement. *Id*. The Administrator will also issue separate checks for liquidated damages for each Plaintiff. *Id*.

Damages were assessed on a back pay calculation for the statutory period. (Selik Decl., ¶ 7.)  For Millstein, the relevant statutory period starts on March 25, 2018 (three years before Millstein filed the *Millstein* Action) and ends on her date of separation of employment with the County. *Id*. For each of the other opt-in Plaintiffs, the relevant statutory period starts three years prior to the date he or she filed a consent to sue form with the Court in the *Millstein* Action and ends on his or her date of separation of employment with the County or May 29, 2024, whichever date is earlier. *Id*. The Parties agree that the allocations of the total payment amount are consistent with and within the range of a reasonable result that each Plaintiff might expect to obtain if they prevailed after a trial. *Id*.

Individual recovery is not uniform, but Plaintiffs adequately explain this difference. *Anspach,* 2022 WL 2162820, at *4. The allocation of the total payment amount to Plaintiffs ranges from $0 to $22,250. (Selik Decl., ¶ 8; Exhibit 1(A) to Abrena Decl.)

Based on the damages methodology and the fact that it would be extremely

17

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

burdensome for the Parties to calculate precise damages for unreported and unpaid overtime for each Plaintiff for each work week, the Parties agreed to an allocation of the total payment amount in wages and liquidated damages based on Plaintiffs' counsel's calculations, as stated in Exhibit 1(A) to the Declaration of Jolina Abrena. (Abrena Decl., ⁋ 10; Selik Decl., ⁋ 9.) The Parties agree that allocations to each Plaintiff are consistent with the damages calculations and within the range of a reasonable result that each Plaintiff might expect to obtain if they prevailed after a trial. *Id.*

The Parties dispute the applicability of the 29 U.S.C. § 207(k) for overtime payments. (Abrena Decl., ⁋ 11; Selik Decl., ⁋ 10.) The FLSA requires employers to pay overtime when the employee actually works in excess of 43 hours in the workweek for law enforcement employees including security personnel in correctional institutions (29 U.S.C. § 207(k)). As such, the County contends that Plaintiffs were entitled to straight time until they have worked in excess of 43 hours in the workweek. (Abrena Decl., ⁋ 11.) Plaintiffs do not agree. (Selik Decl., ⁋ 10.)

The Parties also disagree on the applicability of the statute of limitations as it applies to Plaintiffs. As discussed above, the County contends that seven Plaintiffs cannot recover any damages as their claims are outside the statute of limitations period or, in Plaintiff Lauren Millstein's case, due to a failure to file a consent to join. Plaintiffs agree that Plaintiff Wilson Aguilera and Sarah Lopez are not eligible for any recovery but do not agree regarding the other five. (Selik Decl., ⁋ 11; Exhibit 1(A) to Abrena Decl.) By not applying the County's statute of limitations argument to the settlement calculations, Plaintiffs potentially recover more than required. (Abrena Decl. ⁋ 12.) Yet Plaintiffs' contend that the County's statute of limitations assessment is faulty because it does not take into account the four-year statute of limitations under the Unfair Competition Law (UCL) codified in Business and Professions Code §§17200 *et. seq*. The UCL extends the statute of limitations to four years, regardless of whether the failure to pay overtime was willful. *Pacific*

18

*Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1418 (9th Cir.1990); *Tomlinson v. Indymac Bank*, 359 F.Supp.2d 898 (C.D. Cal. 2005). The County asserts that case law has consistently found that governmental agencies are not encompassed within the definition of "person" under the UCL and, as a result, the statute of limitations prescribed by the UCL does not apply. *Cnty. of Santa Clara v. Astra U.S., Inc.*, 428 F.Supp.2d 1029,1034 (N.D. Cal. 2006); *see also Tuchscher Development Enterprises v. San Diego Unified Port District*, 106 Cal.App. 4th 1219, 1243 (2003)(finding that the Port District was a governmental entity and not a "person" within the meaning of Bus. and Professions Code § 17201).

Taken together, these terms of the Settlement Agreement provide Plaintiffs with prompt, significant, and certain recovery, especially given the risks presented by continued litigation. (Abrena Decl., ℙ 13; Selik Decl., ℙ 12.)

### 2.     The Stage of the Proceedings and the Amount of Discovery Conducted

Courts assess the stage of the proceedings and the amount of discovery completed to ensure that parties have an adequate appreciation of the merits of the case before reaching a settlement. *Selk*, 159 F. Supp. 3d at 1177; *Anspach*, 2022 WL 2162820, at *5; *Ontiveros v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014) ("A settlement that occurs in an advanced stage of the proceedings indicates that the parties carefully investigated the claims before reaching a resolution."). As long as the parties have "sufficient information to make an informed decision about settlement," this factor will weigh in favor of approval. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

Here, the Parties litigated the *Millstein* Action extensively and have sufficient information to make an informed decision regarding settlement. The Parties engaged in extensive formal discovery, including written discovery and depositions. (Abrena Decl., ℙ 14; Selik Decl., ℙ 13.) The County produced documents related to Plaintiffs' hours worked and compensation paid, as well as

LIEBERT  CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

19

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

policies governing Plaintiffs' compensation. (Abrena Decl., ⁋ 14) Additionally, the County deposed twelve of the seventeen total Plaintiffs to ascertain their claims. *Id*. Plaintiffs propounded written discovery for all seventeen Plaintiffs. Plaintiffs also took five depositions of County personnel. The Parties agree that they have conducted sufficient discovery for Plaintiffs to understand their relative litigation positions. (Abrena Decl., ⁋ 14; Selik Decl., ⁋ 13.)

### 3.   The Seriousness of the Litigation Risks Faced by the Parties

Settlement is favored where "there is a significant risk that litigation might result in a lesser recover[y] for the class or no recovery at all." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D. Cal. 2015); *Anspach*, 2022 WL 2162820, at *5. As discussed above, the Settlement Agreement provides Plaintiffs with significant relief and continued litigation would harm Plaintiffs by jeopardizing the relief already secured for them.

There are a number of variables and risks that could impact the calculation of damages in this case. First, there is a bona fide dispute about whether Plaintiffs were suffered or permitted to work more than forty (40) hours per work period without overtime compensation. (Abrena Decl., ⁋ 15; Selik Decl., ⁋ 14.) Second, there is a bona fide dispute about whether Defendant had either actual or constructive knowledge that Plaintiffs were working overtime that they were not reporting on their timesheets. (Abrena Decl., ⁋ 15.) Third, expected testimony from supervisors would contradict the Plaintiffs' claims. *Id*. Fourth, if there were to be a finding of FLSA liability at trial, there is significant risk that a jury could award a lesser recovery for the number of unpaid FLSA overtime hours to Plaintiffs. *Id*. Fifth, Plaintiffs may be limited in any recovery since the current allocation of settlement funds does not take into account the 7(k) exemption that the County otherwise would be legally entitled to. *Id*. Sixth, Plaintiffs may also be limited in their recovery if Defendant proves it acted in good faith and that its underpayment of wages was not willful. *Id*. If Plaintiffs do not prevail on these issues, their

recovery would be significantly diminished if not eliminated. *Id*. Seventh, seven of the seventeen Plaintiffs may not be able to recover any damages based on the statute of limitations and failure to file a consent to join. *Id*. All of these concerns pose a risk to Plaintiffs that could decrease their overall recovery.

### 4.    The Scope of Any Release Provision in the Settlement Agreement

"A[n] FLSA release should not go beyond the specific FLSA claims at issue in the lawsuit itself." *Slezak,* 2017 WL 2688224, at *5; *Anspach,* 2022 WL 2162820, at *5. Expansive release of claims would allow employers to unfairly extract valuable concessions from employees using wages that they are guaranteed by statute. See *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1351 (M.D. Fla. 2010) ("An employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled.").

Here, the release covers all claims "relating to the LAWSUIT against the COUNTY under the FLSA in regard to overtime pay that may exist or have existed during the Relevant Statutory Period, including all claims made in the LAWSUIT for unpaid overtime, liquidated damages, interest, and attorneys' fees and costs, and PLAINTIFFS hereby fully, finally, and completely release, waive, and discharge the COUNTY from any further claims under the FLSA that has occurred during the applicable Relevant Statutory Period ("RELEASE CLAIMS")." (Exhibit 1 to Abrena Decl.; Selik Decl., ¶ 15.) The Parties share a further understanding that only those claims arising from or attributable to Plaintiffs' claims in the *Millstein* Action are being released. In fact, the release itself confirms that "The PARTIES understand that this release does not include claims relating to conduct or activity that does not arise from or is not attributable to PLAINTIFFS' FLSA overtime claims." *Id*. Such a narrowly-tailored and carefully drawn release, coupled with the Parties' shared understanding, favors approval of settlement.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

21

### 5.    <u>The Experience and Views of Counsel</u>

In determining whether a settlement is fair and reasonable, "[t]he opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases." *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, *5 (N.D. Cal. Jul. 11, 2014); Anspach, 2022 WL 2162820, at *5. Here, Plaintiffs' counsel asserts that the terms of the Settlement Agreement are fair and reasonable, and that the settlement amount is within the range that Plaintiffs could expect to recover if this matter were to proceed to trial. (Selik Decl., ℙ 16.) Plaintiff's Counsel, Evan Selik, has been practicing law in California for 17 years and has extensive experience in wage and hour class actions both in Federal and State Court. (Selik Decl., ℙ 17.) Mr. Selik is currently counsel of record in six employment class actions and ten consumer class action matters throughout California and the United States. *Id*. He has litigated and settled over 50 wage and hour class actions and has been intimately involved in the drafting of class action complaints, class discovery, class mediations, and class settlement documents. Thus, his evaluation of the case is reliable.

In addition, counsel for the County has years of experience advising public agencies on FLSA matters and defending public agencies in FLSA lawsuits. (Abrena Decl., ℙ 2.) Based on this experience, it is the position of defense counsel that this settlement is fair and reasonable and will have a materially beneficial effect on Plaintiffs' compensation. *Id*.

### 6.    <u>The Possibility of Fraud or Collusion</u>

Here, at all times, settlement negotiations have been at arms-length and there has been no fraud or collusion. (Abrena Decl., ℙ 3; Selik Decl., ℙ 18.) Approval by the Plaintiffs further supports a finding that counsel did not collude, or otherwise allow self-interest to infect the settlement negotiations. See *Quiroz v. City of Ceres,* No. 117CV00444DADBAM, 2019 WL 1005071, at *5 (E.D. Cal. Mar. 1, 2019); *Valentine v. Sacramento Metropolitan Fire District,* No. 217CV00827KJMEFB,

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

2019 WL 651654, at *6 (E.D. Cal. Feb. 15, 2019); *Englert v. City of Merced,* No. 118CV01239NONESAB) 2020 WL 2215749, at *10 (E.D. Cal. May 7, 2020), report and recommendation adopted (No. 118CV01239NONESAB) 2020 WL 2732031 (E.D. Cal., May 26, 2020).

The Parties have participated in good faith settlement discussions. (Selik Decl., ¶ 18.) On April 18, 2024, the Parties attended a mediation conference before Mediator Edwin Woodsome which included all the Plaintiffs except Mr. Aguilera and Ms. Lopez and representatives from the County. However, no settlement was reached. The Parties continued to discuss settlement informally and eventually came to an agreement. *Id.* In addition, each Plaintiff has been provided with a copy of the Settlement Agreement and has had an opportunity to review it and discuss it with their attorneys. (Selik Decl., ¶ 2.) After doing so, each Plaintiff voluntarily agreed to the terms of the Settlement Agreement, as well as the individual settlement amounts. *Id.* The Plaintiffs' agreement to the terms of the settlement favors approval. See *Quiroz v. City of Ceres,* No. 117CV00444DADBAM, 2019 WL 1005071, at *5 (E.D. Cal. Mar. 1, 2019); *Valentine v. Sacramento Metropolitan Fire District,* No. 217CV00827KJMEFB, 2019 WL 651654, at *6 (E.D. Cal. Feb. 15, 2019); *Englert v. City of Merced,* No. 118CV01239NONESAB, 2020 WL 2215749, at *10 (E.D. Cal. May 7, 2020), report and recommendation adopted, No. 118CV01239NONESAB, 2020 WL 2732031 (E.D. Cal., May 26, 2020). Accordingly, this factor weighs in favor of settlement.

## C.    ATTORNEYS' FEES AND COSTS

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Selk,* 159 F.Supp.3d at 1180; *see also* 29 U.S.C. § 216(b) (providing that, in an FLSA action, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Here, the Parties' Settlement Agreement provides that Defendant agrees to pay Plaintiff's counsel $64,750.00 in attorneys'

23

LIEBERT  CASSIDY  WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1    fees and costs. Because the Parties stipulated to the above fees in an attempt to

2    resolve the dispute expediently and with the Plaintiffs' best interests in mind,

3    Plaintiffs' attorney's fees are reasonable. (Selik Decl., ⁋ 19. )

4         "Under Ninth Circuit law, the district court has discretion in common fund

5    cases to choose either the percentage-of-the-fund or the lodestar method for

6    awarding attorneys' fees." *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th

7    Cir. 2002). The Ninth Circuit has generally set a 25% benchmark for the award of

8    attorneys' fees in common fund cases. *Id.* at 1047-48; *see also In re Bluetooth*

9    *Headset Products Liability Litigation,* 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts

10   typically calculate 25 percent of the fund as the 'benchmark' for a reasonable fee

11   award, providing adequate explanation in the record of any 'special circumstances'

12   justifying a departure.")

13        Pursuant to the Settlement Agreement, Plaintiffs' counsel will be paid

14   $64,750.00 in attorneys' fees and costs. Plaintiffs will receive $120,250.00. Thus,

15   attorneys' fees and costs represent approximately 34.9% of the $185,500.00 total

16   settlement amount. This percentage amount is consistent with and less than awards

17   allowed in similar cases. *See Slezak,* 2017 WL 2688224, at *3 (approving attorneys'

18   fees and costs award of $52,069 in a settlement of a FLSA collective action, which

19   was 31% of the total settlement amount); *Hightower v. JPMorgan Chase Bank,*

20   *N.A.* 2015 WL 9664959 (C.D. Cal. Aug. 4, 2015) (approving attorneys' fees of 30%

21   of the settlement fund); *Vasquez v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482,

22   491–92 (E.D. Cal. 2010) (citing to wage and hour cases where courts approved

23   awards ranging from 30 to 33%); *Singer v. Becton Dickinson and Co.* 2010 WL

24   2196104 (C.D. Cal. April 24, 2014), at *8 (approving an attorneys' fee award of

25   33.33%); *Selk,* 159 F.Supp 3d at 1180 (approving attorneys' fees and costs award of

26   $22,000 in a settlement of a FLSA collective action, which was 45% of the total

27   settlement amount); *Goodwin v. Winn Mgmt. Grp. LLC,* No. 1:15-cv-00606-DAD-

28   EPG, 2018 WL 1036406, at *7 (E.D. Cal. Feb. 23, 2018) (approving attorneys' fees

24

of $75,000 in a settlement of a class action and FLSA collective action, which was 30% of the total settlement amount).

Calculation of the lodestar amount may be used as a cross-check to assess the reasonableness of the percentage award. *Vizcaino,* 290 F.3d at 1050; *Anspach,* 2022 WL 2162820, at *5. When using a lodestar as a cross-check, courts "'…need not be as exhaustive as a pure loadstar calculation' because it only serves as a point of comparison to assess the reasonableness of a percentage award." *Espinosa v. California College of San Diego, Inc.* 2018 WL 1705955, at *10 (S.D. Cal. April 9, 2018).

Here, the attorneys' fees and costs provided by the Settlement Agreement are within range of those that would be provided to a prevailing party in a wage and hour action if the fee award was calculated based upon the hours expended at the prevailing rates. Prevailing parties are entitled to receive an award of fees for all hours reasonably expended at rates in line with the "prevailing market rate." *Carson v. Billings Police Dept.,* 470 F.3d 889, 891 (9th Cir. 2006). The "prevailing market rate" is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008). The relevant community is the forum in which the district court sits. *Id.* at 979; *Gonzalez v. City of Maywood,* 729 F.3d 1196, 1205 (9th Cir. 2013); *In re City of Redondo Beach FLSA Litigation,* No. 217CV09097ODWSKX) 2021 WL 5493978, at *4 (C.D. Cal. Nov. 23, 2021). In this case, the community is the Central District of California.

Plaintiffs' Counsel engaged this matter on a contingency fee basis. (Selik Decl., ¶ 20.) The majority of his work is contingency-based work rather than work that is billed on an hourly basis, which generally does not require contemporaneous timekeeping. *Id.* Because Plaintiffs' Counsel does not regularly bill clients for hourly work, it is his practice to reconstruct hours on contingency cases as permitted by California law. *PLCM Group, Inc. v. Drexler* 22 Cal.4th 1084 (2000);

25

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

*Weber v. Langholtz* 39 Cal.App.4th 1578 (1995); *Best v. California Apprenticeship Council* 193 Cal.App.3d 1448 (1987); *Cates v. Chiang* 213 Cal.App.4th 791 (2013).

   In the present matter, Plaintiffs' Counsel did not keep contemporaneous time records. (Selik Decl., ¶ 21.) In reconstructing hours, Plaintiffs' Counsel used all several data-points to ascertain the general topics of work performed and the duration of each task within each topic. *Id.* To illustrate this process, Plaintiffs' Counsel used my email and fax records in conjunction with phone records to reconstruct certain tasks and events within the litigation. *Id.* Emails were additionally cross-checked against document creation dates and revision dates and times. *Id.* Research trails informed Plaintiffs' Counsel of legal research on this matter. *Id.* Expense reports and document filings informed of hearings and appearances. *Id.* Electronically saved web pages informed of investigative research. *Id.* And each of the foregoing provided a substantial basis to refresh Plaintiffs' Counsel's recollection of conferences and strategy sessions with other counsel in the office on this matter. *Id.*

   Exhibit A attached to Mr. Selik's Declaration is a conservative summary of the time he spent on this matter, likely accounting for less than 80% of the actual time spent. (Selik Decl., ¶ 22.) As outlined above, this matter involved significant investigation, negotiation, strategy, and persistence. *Id.* Had Plaintiffs' Counsel not been diligent in this matter, investigating the County's records or discussing with Ms. Millstein multiple times, seeking preliminary certification, countering the County's positions on each issue, talking with County's former and current employees, Plaintiffs' Counsel believes that Defendant would not have agreed to this settlement. *Id.* The fee request is supported by the significant work performed, the costs invested, and the size of the settlement and benefits to Plaintiffs. *Id.* Mr. Selik's hourly rate is $650. (Selik Decl. ¶ 23.) This rate is well within the reasonable hourly rates for attorneys of similar experience within the community.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

1  Attached to Mr. Selik's Declaration as Exhibit B is the Laffey Matrix which

2  provides support for the reasonableness for this hourly rate. The Laffey Matrix is

3  fee schedule used by many courts in the United States as a tool to assess the

4  reasonableness of an attorney's hourly rate. *Id.*

5  **V.    CONCLUSION**

6       Based on the foregoing, the Parties respectfully request this Court to approve

7  the proposed Conditional Settlement Agreement.

8

9

10  Dated:  December 2, 2024                    LIEBERT CASSIDY WHITMORE

11

12                                        By:   */s/ Jolina Abrena*
                                               Geoffrey S. Sheldon
13                                             Elizabeth T. Arce
                                               Jolina Abrena
14                                             Jacqueline C. Lee
                                               Attorneys for Defendant
15                                             COUNTY OF LOS ANGELES

16

17  Dated:  December 2, 2024

18                                             Mc CATHERN LLP

19

20                                        By:   */s/ Evan Selik*
                                               Evan Selik
21                                             Christine Zaouk
                                               Attorneys for Plaintiff
22                                             LAUREN MILLSTEIN, ET AL.

23

24

25

26

27

28

Notice of Joint Motion for Approval of Conditional Settlement Agreement

12625643.9 LO140-586

# CERTIFICATE OF COMPLIANCE

United States District Court – Central District

(Local Rule 11-6.2)

The undersigned, counsel of record for County of Los Angeles, certifies that this brief contains 6,354 words, which:

☒    complies with the word limit of L.R. 11-6.1.

☐    complies with the word limit set by court order dated _____.

Dated:  December 2, 2024                    LIEBERT CASSIDY WHITMORE

By:    */s/ Jolina Abrena*
                        Geoffrey S. Sheldon
                        Elizabeth T. Arce
                        Jolina Abrena
                        Jacqueline C. Lee
                        Attorneys for Defendant
                        COUNTY OF LOS ANGELES

Notice of Joint Motion for Approval of Conditional Settlement Agreement

12625643.9 LO140-586